UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS E. SLOTTKE, SR,            Case No. 16-cv-1392-pp

    Plaintiff,

v.

STATE OF WISCONSIN DEPARTMENT
OF INDUSTRY, LABOR, AND HUMAN
RELATIONS, DEPARTMENT OF WORKFORCE
DEVELOPMENT, THOMAS R. HARRINGTON,
OWNER NATIONAL TECHNOLOGIES, AND
FIREMAN'S FUND INSURANCE COMPANY,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS (DKT. NOS. 7, 8) AND STAYING DISCOVERY**

---

      The plaintiff, proceeding without a lawyer, filed a complaint relating to an injury he sustained in 1991 and subsequent worker's compensation proceedings. Dkt. No. 1. Defendants Harrington and Fireman's Fund Insurance Company have moved to dismiss the plaintiff's claims against them. Dkt. No. 3. The plaintiff filed a brief in opposition to the defendants' motion, dkt. no. 6, along with two documents captioned "Motion for Discovery," which appear to be the written discovery requests that he previously served on the defendants, dkt. nos. 7, 8. In his response to the defendants' motion, the plaintiff asks the court to grant these motions, and to compel witnesses (identified on an exhibit to the complaint) to appear in court. Dkt. No. 6 at 2. The court will deny the plaintiff's motions for discovery.

1

As an initial matter, the court notes that the plaintiff's requests for discovery are premature. In federal court, after a plaintiff files his complaint, the defendants may either file an answer to the complaint, or file a motion to dismiss. If the defendants file an answer, the court holds a hearing to set a schedule for conducting discovery and filing motions. If the defendants file a motion to dismiss, the court resolves that motion before holding a scheduling hearing. The court has not yet held a scheduling hearing to set a schedule for discovery and for filing motions, so it is too early for the plaintiff to have served formal discovery demands.

When, as in this case, a defendant files a motion to dismiss for failure to state a claim instead of filing an answer, that defendant is arguing that the case does not have merit, and that the court should dismiss it before the parties spend more time and expense working on it. That is why many district courts—perhaps most—don't set a discovery schedule until after ruling on the motion to dismiss; if the court grants the motion to dismiss, the parties would have wasted time and expense conducting discovery. District courts have broad discretion in supervising discovery matters and deciding discovery motions. E.g., Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012); Cent. States., Se. & Sw. Areas Pension Fund v. Waste Mgm't of Michigan, Inc., 674 F.3d 630, 636 (7th Cir. 2012). "Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. The mere filing of the motion does not automatically stay discovery . . . . But such stays are granted with substantial frequency." In re

2

Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citations omitted). "Following the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays issue with even greater frequency." Dillinger, L.L.C. v. Electronic Arts, Inc., No. 1:09-cv-1236, 2010 WL 1945739, *1 (S.D. Ind. May 11, 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "[S]ome districts have a rule that prohibits discovery during the pendency of . . . a motion [to dismiss]." In re Sulfuric Acid, 231 F.R.D. at 336.

The court also notes that the plaintiff has asked the court to "compel" an "attached witness list" into court. Dkt. No. 6 at 2. There was no list of witnesses attached to that request, and currently, there is no court hearing scheduled on the calendar that any witnesses could be compelled to attend. But even if there were, the plaintiff has not complied with the procedure for filing a motion to compel. Federal Rule of Civil Procedure 37 allows a court to compel discovery only if the party seeking discovery has made a legitimate request, and the other side has failed to comply with the federal rules governing that request. So: a party first must make an appropriate discovery demand, and only if the other side fails to comply with that demand in accordance with the rules may the party file a motion to compel. This court's local Rule 37 requires that before any party files a motion to compel, that party must "meet-and-confer" with the other side, and try to work out their differences. The plaintiff hasn't attached any certification showing that he met

3

and conferred with the defendants before asking the court to compel witnesses to come to court.

For these reasons, the court will deny the plaintiff's motions for discovery, and will stay discovery until after it rules on the motion to dismiss. If the court denies the defendants' motion to dismiss, the defendants will answer the complaint, and then the court will set a hearing for the purpose of setting a schedule for conducting discovery and filing dispositive motions.

The court **DENIES** the plaintiff's motions for discovery (Dkt. Nos. 7, 8) and orders that discovery is **STAYED** pending further order of the court.

Dated in Milwaukee, Wisconsin this 17th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge